THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL SANJUAN, Appellant. [774 NYS2d 338]—

Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered April 9, 1998, convicting defendant, after a jury trial, of grand larceny in the second degree, offering a false instrument for filing in the first degree (five counts), and criminal solicitation in the fourth degree, and sentencing him to an aggregate term of 3 to 9 years, with restitution in the amount of $110,000, unanimously affirmed.

In this Medicaid fraud prosecution, the evidence clearly established that defendant, a psychiatrist, was only entitled to reimbursement to the extent that he actually rendered the particular coded services he claimed to have rendered, that he did so on the precise dates set forth in the bills he submitted, and that he spent the required minimum amount of time with each patient. Accordingly, the court properly precluded defendant from arguing to the jury that he may have actually rendered some of the services in question, but not on the dates stated in his bills (*see People v Varas*, 110 AD2d 646 [1985], *lv denied* 65 NY2d 701 [1985]). In any event, that argument was not based

on any evidence, notwithstanding the various elements of the testimony presented by defendant purporting to support this theory. On the contrary, the evidence overwhelmingly established that defendant billed and received payment for services that he did not render at any time or place, or, in some instances, for sessions that occurred but that were impermissibly brief. Similarly, the court's charge conformed to both the indictment and the proof, and correctly stated the law as applicable to the facts.

The court properly precluded defendant from making any use of a transcript of a recorded telephone conversation, since the People established a sufficient basis, which defendant did not refute, upon which the court could conclude that the recording had been obtained through unlawful eavesdropping (*see* CPLR 4506; Penal Law § 250.00 [2]; § 250.05). In any event, the contents of this recording were irrelevant to any issue presented at trial.

Defendant's remaining contentions, each of which requires preservation, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Andrias, J.P., Lerner, Friedman and Marlow, JJ.